1 | **LAW FIRM OF JONAS & DRISCOLL, LLP**
**1108 SARTORI AVENUE**
2 | **SUITE #320**
**TORRANCE, CA 90501**
3 | **TEL:       (213) 683-2033**
**FAX:       (310) 218-4980**
4 | **Christopher L. Driscoll, State Bar #167001**

**Attorney for Plaintiff, Delvin Jackson**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELVIN JACKSON, an individual; ) | **Case#** |
| plaintiff, ) | **COMPLAINT FOR:** **DEPRIVATION OF CIVIL RIGHTS** |
| vs. ) | **42 USC § 1983** **42 USC § 1988** |
| JAMES WILLIAMS, an individual; GUSTAVO VIRAMONTES, an individual, CITY OF LOS ANGELES, a public entity, and DOES 1 through 10 inclusive; ) | |
| defendants. ) | **DEMAND FOR JURY TRIAL** |
| _____ ) | |

//

//

_____

1

## JURISDICTION AND VENUE

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution, and under the common law of the State of California, against the City of Los Angeles, and City of Los Angeles Police Department employees: James Williams (#30075), Gustavo Viramontes (#41854), and DOE Defendants. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

2.     As to Plaintiff Delvin Jackson, it is alleged that the individual Los Angeles Police Department officer Defendants made an unreasonable seizure (false arrest) of the Plaintiff, violating his rights under the Fourth and Fourteenth, and any other applicable Amendments of the United States Constitution.  It is further alleged that these violations and others were committed as a result of policies and customs of the City of Los Angeles.

## PARTIES

3.     Plaintiff Delvin Jackson was within the jurisdiction of the United States of America at all times herein alleged, and was an inhabitant of the United States of America.

4.     Defendant City of Los Angeles is a government entity.  Individual Defendants were employees of the City of Los Angeles.

5.     Defendant City of Los Angeles Police Department's officers were, at

_____

1  all times relevant to this complaint, duly appointed and acting officers of the City

2  of Los Angeles acting under color of law, to wit, under color of the statutes,

3  ordinances, regulations, policies, customs and usages of the State of California

4  and/or the City of Los Angeles.  Plaintiff was deprived of an interest protected by

5  the Constitution and/or laws of the United States of America, and each and every

6  Defendant caused, by commission or omission, such deprivation while acting

7  under color of law.

8        6.    Each and every Defendant who is a natural person is sued in both

9  his/her individual/personal capacity, as well as in his/her official capacity if he/she

10  had any policymaking duties, functions, or responsibilities with respect to the

11  matters alleged herein.

12        7.    Each and every allegation set forth in each and every averment of this

13  pleading hereby is incorporated by this reference in each and every other averment

14  and allegation of this pleading.

15        8.    All acts and/or omissions perpetrated by each Defendant, except any

16  governmental entity Defendant, was engaged in maliciously, callously,

17  oppressively, wantonly, recklessly, with deliberate indifference to the rights

18  allegedly violated, despicably, and with evil motive and/or intent, in disregard of

19  the rights of Plaintiff.

20        9.    Plaintiff is informed and believes and thereupon alleges, that in

21  perpetrating the foregoing acts, each individual Defendant was the agent or

22  employee of each other Defendant, was acting within the course and scope of such

23  agency or employment, and was acting under color of state law and municipal

24  authority.

25

26

27  _____

1        10.     Each individual Defendant acted in a conspiracy pursuant to 42

2   U.S.C. §1983 with each other individual Defendant to deprive Plaintiff of the

3   rights enumerated herein.

4        11.     Defendant City of Los Angeles and every Defendant in his/her

5   official capacity knowingly or with deliberate indifference to the rights allegedly

6   violated, caused to come into being, maintained, fostered, condoned, approved of,

7   either before the fact or after the fact, ratified, took no action to correct an official

8   policy, practice, procedure, or custom of permitting the occurrence of the

9   categories of wrongs set forth in this pleading, and/or improperly, inadequately,

10   with deliberate indifference to the constitutional or other federal rights of persons,

11   grossly negligently with reckless disregard to constitutional or other federal rights,

12   failed to properly train, to supervise, to retrain, if necessary to monitor, or to take

13   corrective action with respect to the City of Los Angeles and with respect to the

14   types of wrongful conduct alleged in this pleading, so that each one of them is

15   legally responsible for all of the injuries and/or damages sustained by each

16   Plaintiff.

17        12.     The true names of and capacities of DOES ONE through TEN are

18   unknown to Plaintiff, and Plaintiff sues said Defendants, DOES ONE through

19   TEN, by such fictitious names because their true identities have yet to be

20   ascertained.

21        13.     (a) On May 6, 2015, Plaintiff Delvin Jackson was at his apartment

22   complex located at 8634 S. Denver Avenue in the City of Los Angeles.  At said

23   location Andrea Tears battered Plaintiff Delvin Jackson, striking Plaintiff, thus

24   committing an act of felony domestic violence.  Tears' strike caused Plaintiff to

25

26

_____

27

bleed from his face (lips). Tears also visibly scratched Jackson's face. Plaintiff Delvin Jackson then contacted "911" to report Tears' crime.

It should be noted that Plaintiff Delvin Jackson had a valid court issued Domestic Violence full stay away/no contact restraining order against Tears at the time of the incident. Tears was indisputably in violation of said restraining order.

As a result of Plaintiff Jackson's call to "911," Defendants Williams and Viramontes of the Los Angeles Police Department were dispatched to the location, and arrived at the scene.

Tears fled the scene after Plaintiff Jackson called the police. Defendant officers made initial contact with Plaintiff Jackson and provided him with a pamphlet for victims of domestic violence.

Tears returned to the scene. Defendant officers spoke to Tears and learned that both lived in the same apartment complex. The officers berated Plaintiff Jackson, the victim of a violent crime and told him he shouldn't be living in the same apartment complex as Tears. Plaintiff Jackson explained he was under no obligation to move and that it was Tears' obligation under the restraining order. The officers told Plaintiff Jackson that by living close to Tears, he was "playing games" and that was why they would arrest him. Williams and Viramontes, placed Plaintiff Delvin Jackson under arrest.

The arrest was made in spite of the fact that Plaintiff Delvin Jackson had a valid restraining order against Tears, that Tears was indisputably in violation of said restraining order, that it was Plaintiff Delvin Jackson who called 911 and not Tears, and that Plaintiff Delvin Jackson had clearly been battered, that Plaintiff Delvin Jackson was bleeding from his face, that Plaintiff Delvin Jackson had

1  scratches on his face, and that Tears fled the scene.

2       Plaintiff Jackson spent three days in custody before being released.

3       As there was no probable cause to arrest in the first place the case was

4  rejected for prosecution by both the District Attorney's office as well as Los

5  Angeles City Attorney's office.

6       On October 3, 2016, Plaintiff Delvin Jackson obtained a finding of factual

7  innocence pursuant to Cal. Penal Code 851.8(B).

8       The Order in the Los Angeles Superior Court (Hon. David V. Herriford)

9  reads:

10       "THE COURT FINDS FROM THE PETITION AND EVIDENCE

11       SUBMITTED WHICH IS MATERIAL, RELEVANT AND RELIABLE,

12       THAT THE PETITIONER HEREIN IS FACTUALLY INNOCENT OF

13       THE OFFENSE FOR WHICH THE ARREST WAS MADE AND IS

14       ELIGIBLE FOR THE RELIEF PROVIDED IN SECTION 851.8 OF THE

15       PENAL CODE."

16

17            **FIRST CLAIM FOR RELIEF AGAINST**

18                 **ALL DEFENDANTS**

19                  **(42 U.S.C. 1983)**

20

21       14.    Plaintiff repeats and realleges all of the allegations contained in

22  paragraphs 1 through 13 above, as if fully set forth herein.

23       15.    <u>42. U.S.C. SECTION 1983.</u>   Defendants, acting under color of state

24  law, willfully, intentionally, knowingly, maliciously and concertedly deprived

25

26

27  _____

28                          6

Plaintiff of rights and privileges and immunities secured by the Constitution and laws of the United States, including, but not limited to, the Fourth, and Fourteenth Amendments, proximately causing the damages herein claimed, by inter alia:

(a) On or about May 6, 2015, Defendants Williams and Viramontes falsely arrested Plaintiff Jackson for Felony domestic violence, pursuant to 42 U.S.C. 1983 and the Fourth Amendment as there was no probable cause to have Plaintiff Jackson arrested for any crime.

(b) Defendants conspired with each other individual DOE officer in the deprivation of the Constitutional rights herein described under 42, U.S.C. §1983.

16. As a proximate result of Defendants' actions, Plaintiff suffered damages in terms of present and future lost wages, and other compensation; suffered physical and emotional injuries, all of which is continuing; incurred damage to her reputation; incurred costs and will incur future costs.  Plaintiffs' actual damages will be ascertained at trial.

17. The conduct of Defendants was despicable, oppressive, malicious, and expressly intended to injure or damage Plaintiff or was done with conscious disregard of his rights, thereby justifying an award of exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants. Punitive damages are requested as to individual (non-entity) Defendants only.

18. Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

19. To the extent that the personal resources of the individual Defendants herein are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, Defendant County of Los Angeles is liable for such deficiency pursuant to California Code § 815.2(a).

_____

**PRAYER**

**WHEREFORE**, Plaintiff seeks judgment in the amount of $1 Million as follows:

1.    Compensatory general and special damages in an amount in accordance with proof, against Defendants jointly and severally;

2.    Exemplary damages against each of the individual, non-entity, defendants in an amount sufficient to make an example of those Defendants and to deter them and all others who would behave as Defendants have herein;

3.    Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. §1988, and any other applicable statutes;

4.    Costs of suit necessarily incurred; and

5.    Such further relief as the Court deems just or proper.


Dated: March 8, 2017              LAW FIRM OF JONAS & DRISCOLL, LLP


                                  By: /x/ Christopher Driscoll

                                        Christopher Driscoll

                                        Attorneys for Plaintiff

1

2

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands and requests a trial by jury in this matter.

3

4    Dated: March 8, 2017              LAW FIRM OF JONAS & DRISCOLL, LLP

5

6                                      By: /x/ Christopher Driscoll

7                                          Christopher Driscoll
                                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27